IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY EUGENE VINSON, | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | NO. 3:03-CV-2317-N |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner Tommy Eugene Vinson is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

On February 15, 2002, Vinson pleaded guilty, without a punishment recommendation from the State, to aggravated robbery. (Resp't Answer at Exs. A & B.) The trial court found him guilty of aggravated robbery and sentenced him to 35 years' confinement. (*Id.* at Ex. A.) Vinson did not appeal his conviction. (Federal Pet. at 3.) On February 20, 2003, Vinson filed a state application for writ of habeas corpus challenging his aggravated-robbery conviction, which the Texas Court of

Criminal Appeals denied without written order. *Ex parte Vinson*, No. 56,466-02[1] (Tex. Crim. App. Sept. 10, 2003) (not designated for publication). Vinson filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on September 17, 2003. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

## Issues

Vinson argues that:

1. his guilty plea was involuntary,

2. trial counsel was constitutionally ineffective, and

3. the state habeas courts denied him a full and fair hearing.

## Exhaustion of State Court Remedies

Dretke believes Vinson has sufficiently exhausted available state remedies on all issues presented and, thus, does not move for dismissal on this ground.

## Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

---

[1]Vinson's first collateral attack was a motion for leave to file a writ of mandamus, which the Court of Criminal Appeals denied without written order. *In re Vinson*, No. 56,466-01 (Tex. Crim. App. Sept. 10, 2003) (not designated for publication).

2

law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Holland v. Jackson*, 124 S. Ct. 2736, 2738-39 (2004); *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### Involuntary Guilty Plea

Vinson argues that his guilty plea was involuntary because counsel led him to believe that he could receive community supervision if he pleaded guilty. Because Vinson pleaded guilty, he may only challenge the voluntary character of his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984).

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal

3

habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam), *cert. denied*, 517 U.S. 1198 (1996). Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

The record reflects that Vinson (1) was pleading guilty freely and voluntarily, (2) was aware of the applicable punishment range, (3) had not been promised anything in return for his guilty plea and had not been coerced, (4) was mentally competent, (5) understood the plea admonishments, and (6) was aware of the consequences of his plea. (Resp't Answer at Ex. B p. 2.) Vinson has offered nothing more than his self-serving allegations that his plea was involuntary, which is insufficient

to rebut the presumption of regularity of the state court records. *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S.D. Tex. 1999); *see also Armstead*, 37 F.3d at 210. Vinson's attacks on his guilty plea do not undermine the sufficiency of the information he was provided before he pleaded guilty. *Ables*, 73 F.3d at 592 n.2.

### Ineffective Assistance of Counsel

Vinson asserts that trial counsel was ineffective before he pleaded guilty because he told Vinson he could get community supervision and he conducted an insufficient investigation. Because Vinson pleaded guilty, he may only challenge the voluntary character of his guilty pleas in raising an ineffective-assistance-of-counsel claim. *Hill*, 474 U.S. at 56-57; *Smith*, 711 F.2d at 682. As discussed above, Vinson has failed to show that his plea was involuntary. Thus, he has failed to overcome the presumption that he was properly admonished and that his plea was voluntary. Vinson's guilty plea waived his ineffective-assistance-of-counsel claims occurring before he pleaded guilty. *Beasley v. McCotter*, 798 F.2d 116, 118 & n.1 (5th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 1039 (1987); *see also Tollet v. Henderson*, 411 U.S. 258, 267 (1973) (stating guilty plea waives all nonjurisdictional defects occurring before entry of plea); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000) (noting long-standing rule that valid guilty plea bars habeas review of nonjurisdictional claims alleging antecedent violations of constitutional rights).

### State Habeas Corpus Proceedings

Vinson argues that the state habeas courts did not conduct a full and fair hearing on his state habeas corpus application. Errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 518 U.S. 1022 (1996). An attack on a state habeas proceeding does not entitle the petitioner to

5

habeas relief with respect to his conviction because it "is an attack on a proceeding collateral to the detention and not the detention itself." *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.), *cert. denied*, 484 U.S. 838 (1987). Thus, this claim is not cognizable on federal habeas review. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056 (1999).

### Summary

Vinson is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Vinson was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED June 1, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE**
**AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE